JONES, JUDGE:
The claimants, Vernon Combs and Daisy Combs, seek damages from the respondent, Board of Regents, in the amount of $1,486.78, and the facts upon which they base their claim are set out in their petition as follows:
“Claimants were employed at W. Va. State College as custodial workers. During the period beginning March, 1966, through March 22, 1969. They worked a total of 785-1/2 hours overtime for which they were never paid. Several demands were made on the Respondent, which demands were ignored.”
*248 On September 14, 1972, this claim came on for hearing upon the respondent’s motion to dismiss the claimants’ petition upon the ground that it appears on the face of the petition that the right of action set forth did not accrue within two years next before the commencement of this claim and that the claim is barred by the provisions of Chapter 21, Article 5C, Section 8 of the Code of West Virginia and/or 29 United States Code, Section 255; whereupon counsel for the claimants stated that the claim was not based upon either of said statutes but upon a contract of employment; and upon consideration of the claimants’ petition, the respondent’s motion to dismiss and statements of counsel, it was ordered that the Court’s ruling on the motion to dismiss be deferred, leave was given the claimants to amend their petition, and the claim was continued generally. The claim was again set for hearing on December 5, 1972, and upon agreement of counsel for claimants that the petition would be amended to conform to such testimony as might establish a claim based upon contract the Court proceeded to hear testimony of the claimants.
Dr. William J. Wallace, President of West Virginia State College, was subpoenaed as a witness by the claimants and was present at the hearing but was not called upon to testify. Counsel for the claimants was granted leave to take the deposition of Mr. Albert Henderson if such deposition were taken promptly but it now appears that nothing further will be done in that regard.
In the Court’s opinion sufficient evidence was not presented in this case to prove a contract between the parties which would extend to and support the claim for overtime compensation. The claimants’ petition has not been amended and it appears that amendment within the bounds of the proof offered would not alter the Court’s view of this case.
Upon consideration of the entire record it appears that the claimants have not alleged and cannot establish and substantiate a valid claim against the respondent and, therefore, this claim is disallowed and dismissed.
Claim disallowed.